# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-10294
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2017

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER MICHAEL STEWART,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-212-1

———————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Michael Stewart appeals the sentence imposed following his guilty plea conviction of possession with intent to distribute methamphetamine. At sentencing, the district court found, in accord with the presentence report (PSR), that Stewart's offense involved in excess of 1.50 kilograms of methamphetamine, resulting in a base offense level of 36. Stewart argues that the district court clearly erred in making its drug-quantity

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding because the Government failed to prove by a preponderance of the evidence that he was responsible for an amount of methamphetamine in excess of 1.50 kilograms.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Villanueva*, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005). Thus, our review of a district court's determination of a drug quantity is for clear error, and we will affirm the finding as long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted). Facts related to sentencing must be found by a preponderance of the evidence. *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). "As a general rule, information in the [PSR] is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015) (alteration in original) (internal quotation marks and citation omitted).

The PSR and its addendum explained the three bases for the total drug quantity of methamphetamine that the probation officer found was attributable to Stewart. The district court adopted the findings and conclusions of the PSR and its addendum. Although Stewart objected to the probation officer's drug quantity determinations in the PSR, Stewart offered no evidence to rebut, or even question, the facts established by or the reliability of the PSR. As such, Stewart has failed to establish that the district court's findings regarding Stewart's drug quantities were clearly erroneous. *See Betancourt*, 422 F.3d at 246. Furthermore, given the unrebutted findings of the PSR which established that Stewart was responsible for more than 1.5

kilograms of methamphetamine, we hold that the district court's findings concerning the drug quantities were plausible in light of the record as a whole. *Id.*

AFFIRMED.